USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/22/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                            :

UNITED STATES OF AMERICA           :        **ORDER**

    -v-                                                :        20-MAG-11199

FAROUK APPIEDU,                            :

           Defendant.               :
-----------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      Defendant Farouk Appiedu was arrested on October 18, 2020 and presented before the Court on October 19, 2020. At that time, the Government sought Appiedu's detention on risk of flight grounds. Following the parties' bail argument, the Court concluded that the Government had met its burden of establishing by a preponderance of the evidence that Appiedu was a flight risk. Among the reasons for the Court's decision, based on the Government's proffer, were the following: (1) Appiedu, who was born in Ghana but is now a naturalized United States citizen, had booked a one-way ticket to Ghana, and was travelling with five suitcases; (2) Appiedu's ticket was purchased only hours before departure with someone else's frequent flyer points without permission from that person; (3) Appiedu has significant business and family ties in Ghana; (4) Appiedu had incentive to flee because of the years of incarceration he faced if convicted of the crimes with which he was charged (conspiracy to commit wire fraud, conspiracy to receive stolen money, and conspiracy to commit money laundering); and (5) there were text messages on Appiedu's phone (obtained from a Customs and Border Protection agent who had conducted a border search on the phone at the airport) that he needed to leave the country and would not be coming back. The Court set the preliminary hearing date for November 4, 2020.

      After the close of business on October 20, 2020, the Government wrote to the Court to report that, following the Court's authorization of a search warrant of Appiedu's phone earlier that day (which had been seized at the time of arrest), the text message in which Appiedu had stated, in substance and in part, that he needed to leave the country prior to when he sought to board the flight to Ghana on October 18, was sent in or about June 2020. Accordingly, the Government provided Appiedu's attorney with this new information. In light of this development, and after further consultation, the parties have now agreed on a proposed bail package, several conditions of which had been recommended in the Pretrial Services report (which had recommended release on conditions, but had done so without the benefit of the Government's proffer).

      The Court has reviewed the parties' proposed bail package, and, while it still has some concerns in light of the other information proffered by the Government, will accept it and make

1

it an order of the Court, with one modification, as noted below.  It does so in large part because, according to the Pretrial Services report, Appiedu has no criminal record.

The conditions will be as follows:

- A $500,000 personal recognizance bond co-signed by four financially responsible persons;

- <u>Home incarceration</u> with electronic monitoring, with the defendant only able to leave his residence upon the approval of Pretrial Services and only for legal visits, court appearances, or medical appointments;

- Pretrial Services' supervision as directed;

- Surrender of any passports and make no new applications;

- Travel restricted to the Southern and Eastern Districts of New York;

- Refrain from any employment activities alleged to be connected with the current charges;

- No possession of the personal identification of other individuals;

- Defendant not to open any new lines of credit, bank accounts, etc. without approval of Pretrial Services; and

- No contact with victims, witnesses, or co-conspirators connected with the current charges.

All of these conditions must be met prior to release.

The modification the Court made was to impose home incarceration rather than home detention.  Home incarceration is the most restrictive component of the home confinement program.  It requires 24-hour-a-day restriction to residence except for medical necessities and court appearances or other activities specifically approved by the Court.  Home detention, on the other hand, requires a defendant to remain at home at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court-ordered obligations, or other activities as approved by the assigned pretrial services officer.  The parties may have intended to agree on home incarceration, but the letter submitted to the Court characterized the condition, inaccurately, as home detention.

In light of the bail package, defense counsel has indicated his consent to waive the preliminary hearing date until the 30th day, which is November 18, 2020.

  This Order and the conditions set forth herein supersede the earlier disposition sheet reflecting the denial of bail conditions.

  Finally, the Government is directed to file its letter of October 20, 2020 (which was previously emailed to the Court but not docketed) and make it part of the record of the case.

  **SO ORDERED.**

Dated: October 22, 2020
   New York, New York

_____
JAMES L. COTT
United States Magistrate Judge